## MATTHIAS SMITH *versus* LEMUEL FRANKLIN & AL

The surviving promisee cannot join with the administrator of the deceased promisee in an action. A writ of error *may* be returned and determined in a county other than that in which the original judgment was rendered.

THIS was a writ of error brought by *Matthias Smith,* of *W.,* in the county of *Kennebeck,* to reverse a judgment recovered against him in the county of *Bristol.* The judgment complained of was rendered in the Court of Common Pleas for the county of *Bristol,* in June term, 1786, in favor of *Lemuel Franklin* of *S.,* in the county of *Bristol,* and *Jabez Barney* of *S.* aforesaid, "which said *Jabez Barney* is administrator of the goods and chattels, rights and credits, of *Israel Barney,* late of *S.,* deceased," against "*Matthias Smith* of *W.,* in the county of *Lincoln,* (a) on a note of hand made by *Smith* to the intestate, in his lifetime, and the [ * 481 ] said *Franklin* jointly. The judgment was * entered in this form, viz.: "It is therefore considered that the said *Lemuel Franklin,* and *Jabez Barney,* in his said capacity, recover against the said *Matthias Smith* the sum of," &c.

The error assigned was that the said *Lemuel Franklin,* in his own right, and the said *Jabez Barney,* as administrator, as aforesaid, joined in bringing the suit aforesaid, and that the judgment thereon rendered was in favor of the said *Lemuel Franklin,* in his own right, and the said *Jabez Barney,* in his said capacity of administrator as aforesaid, which by law could not be done.

The defendants in error were called, but did not appear; and the

(a) The *now* county of *Kennebeck* was *then* a part of the county of *Lincoln.*

Court reversed the judgment, but directed the clerk to tax no costs, the reversal being for *error in law.*

After the order to reverse had been pronounced, it occurred to the Court, that the judgment complained of was rendered in the county of *Bristol*, upon which a doubt arose, whether the Court sitting in this county (*Kennebeck*) had jurisdiction ; that is, whether the writ of error ought not to have been made returnable in the county in which the original judgment had been rendered. (*a*) The Court took time to consider ; and on the next day. they said they were of opinion, that they had jurisdiction, and that the order to reverse must stand.

*Judgment reversed,* (*b*)

(*Sedgwick, Sewall* and *Thacher*, justices, present.)

*Bridge*, for the plaintiff in error.

(*a*) The writ of error was granted, on motion, at June term, 1804, in the county of *Lincoln;* and the minute on the record is, " Ordered that a writ of error and *sci. fa.* to hear errors issue immediately." Nothing was minuted, as to the place where the writ should be returnable. The practice is, to grant the writ in *any* county, and to return it to the Supreme Court holden for the county where judgment was rendered.

(*b*) It ought not, perhaps, to be concluded, because the Court decided in this case that the writ of error was returnable in this county, that therefore a writ of error may, at all times, and under all circumstances, be returned into any county other than that in which the original judgment was rendered ; for it ought to be noticed, that in the prsent case, the plaintiff in error *resided* in the county where the writ was returned. And possibly the decision of the Court was grounded on the analogy between this case and that of bringing an action in the county in which one of the parties lives. *Vide* the act of Oct. 30, 1784, sect. 13. (*stat.* 1784, *c.* 28.)